PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH H. ALLSUP, JR., ) | |
| ) | CASE NO. 3:11CV2210 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| EDWARD T. SHELDON, Warden, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF No. 12] |

Petitioner *pro se* Joseph H. Allsup, Jr. filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging three grounds for relief which challenge the constitutional sufficiency of his conviction and sentence. The case was referred to Magistrate Judge George J. Limbert for a Report and Recommendation. The Magistrate Judge subsequently issued a Report and Recommendation (ECF No. 11). In his 28-page Report, the Magistrate Judge recommends that the Court dismiss the petition in its entirety with prejudice and deny Petitioner's Motion for Default Judgment.[1] Petitioner filed Objections to the Magistrate Judge's Report (ECF No. 12). This Court, after reviewing the objections, hereby adopts the Report and dismisses the petition.

**I. Background**

The facts reported in the state appellate court's decision reveals how Petitioner and his

---

[1] On March 19, 2013, the Court denied Petitioner's Motion for Default Judgment (ECF No. 9) by marginal entry order.

(3:11CV2210)

brother/co-defendant occupied themselves on April 3, 2009, just past midnight.  *See State v. Allsup*, No. 6-10-09, 2011 WL 332734, at *1 (Ohio App. 3rd Dist. Jan. 31, 2011).  In May 2009, Petitioner was indicted on the following charges:  (1) failure to comply with an order or signal of a police officer; (2) felonious assault with a deadly weapon with an additional specification that the victim was a peace officer; (3) complicity to vehicular vandalism; (4) vandalism; (5) driving under suspension or in violation of license restriction; and, (6) operating a vehicle while under the influence ("OVI") of alcohol, a drug of abuse, or a combination of them with the second offense being committed within six years.  ECF No. 7-1 at PageID #: 47-49.

The charges of complicity to vehicular vandalism and driving under suspension or in violation of license restriction were dismissed on motion of the prosecution.  Also on motion of the prosecution, the trial court struck the language from the OVI charge which specified that the offense was the second within six years.  A jury trial commenced on March 18, 2010.  The trial court denied Petitioner's request to remove a juror, Mr. Grappy, for cause (ECF No. 7-7 at PageID #: 503), which required that Petitioner use a peremptory challenge in order to remove him (ECF No. 7-7 at PageID #: 509).  The next day, the jury returned findings of guilt as to all of the remaining charges.  ECF No. 7-1 at PageID #: 114-18.

The trial court sentenced Petitioner to serve ten years and six months in prison.  Specifically, the trial court imposed a three-year prison term for the failure to comply with the order or signal of a police officer, and a seven-year prison term for the felonious assault on a peace officer, each to be served consecutively.  The trial court also imposed six-month prison terms for the vandalism and OVI offenses with the terms to run concurrently to each other, but

(3:11CV2210)

consecutively to the ten year term imposed on the prior counts.  Petitioner was also ordered to pay restitution in the amount of $1,000 to the City of Kenton jointly and severally with his brother/co-defendant.  ECF No. 7-1 at PageID #: 119-26.

Petitioner appealed his conviction and sentence in state court.  On January 31, 2011, the court of appeals affirmed Petitioner's conviction and sentence.  *State v. Allsup*, *supra*.

Petitioner attempted an appeal to the Ohio Supreme Court, but the appeal was not accepted for review.  *State v. Allsup*, 128 Ohio St.3d 1514 (2011).

On October 17, 2011, Petitioner filed the instant petition for a writ of habeas corpus.

**II.  Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

**III.  Law & Analysis**

**A.  Facts as Found by the Ohio Third District Court of Appeals**

The Court relies on the facts as found by the state appellate court on direct review.  *See e.g.*, *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 770 (6th Cir. 2008) (citing *Girts v. Yanai*, 501

(3:11CV2210)

F.3d 743, 749 (6th Cir. 2007); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); West v. Seabold, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous"). This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. Hardaway v. Withrow, 305 F.3d 558, 563 (6th Cir. 2002) (citing Brumley v. Wingard, 269 F.3d 629, 637 (6th Cir. 2001) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)).

Petitioner objects to the "alleged factual findings" of the Ohio Third District Court of Appeals. ECF No. 12 at PageID #: 1003. First, "Allsup then put his truck into reverse and rammed Officer Deckling's police cruiser." State v. Allsup, 2011 WL 332734, at *1. He contends that the state appellate court has ignored the following testimony of his brother/co-defendant:

> Well I wasn't really paying attention, but as we was goin' out, we got out in the country a little ways, and all a sudden something hit the back of our truck and I got whiplash out of it. But I looked back and it was the police officer and his cruiser, and my brother's like oh my God, you know. He hit the back of the truck.
> . . .

ECF No. 7-8 at PageID #: 757. This testimony, already considered and rejected by the trial court, does not rebut the presumption of correctness. *See* Valle v. Crosby, No. 03-20387CIV, 2005 WL 3273754, at *6 (S.D. Fla. Sept.13, 2005) (presumption of correctness not rebutted where "[t]he

4

(3:11CV2210)

only evidence to which Petitioner now refers to dispute the trial court's findings, however, is evidence already considered and rejected by the trial court."). As the Supreme Court has explained in another context, "[w]hen . . . the issue involves the credibility of witnesses and therefore turns largely on an evaluation of demeanor, there are compelling and familiar justifications for . . . according [the trial court's] determinations presumptive weight." *Miller v. Fenton*, 474 U.S. 104, 114 (1985). The Court defers to the trial court's assessment of the credibility of the testimony on this issue.

Second, Petitioner objects to "Officer Deckling suffered an injury to his leg as a result of the collision." *State v. Allsup*, 2011 WL 332734, at *1. The state appellate court concluded that the prosecution presented sufficient evidence to establish Petitioner committed felonious assault against Officer Deckling. *Id.* at *9. Petitioner's self-serving argument that Officer Deckling was not seriously physically harmed, ECF No. 12 at PageID #: 1003-1004, does not rebut the presumption of correctness accorded the state courts' finding.

Third, Petitioner objects to the factual finding of the state appellate court regarding the charge of complicity to vehicular vandalism that: "Once the truck ran over the stop sticks, the passenger side front tire deflated. However, the truck continued down the road at a high-rate of speed . . . ." *State v. Allsup*, 2011 WL 332734, at *1. According to Petitioner, "[i]t defies the laws of physics and common sense." ECF No. 12 at PageID #: 1004. Petitioner also objects to "[His brother/co-defendant] began throwing various items, which included beer bottles, metal objects and a rake, out of the passenger side window. . . ." *State v. Allsup*, 2011 WL 332734, at *1. He contends that this "defies physics, logic, and common sense." ECF No. 12 at PageID #:

(3:11CV2210)

1004.  But the charge of complicity to vehicular vandalism was dismissed on motion of the prosecution.  *See* ECF No. 7-1 at PageID #: 66.

Fourth, Petitioner objects to being found guilty of operating a vehicle while under the influence of alcohol "based solely upon" the testimony of Officer Deckling, ECF No. 12 at PageID #: 1004, that he "immediately noticed a strong odor of alcohol on Allsup's person and further observed that Allsup had defecated in his pants during the incident." *State v. Allsup*, 2011 WL 332734, at *1.  Petitioner was convicted of violating Ohio Rev. Code § 4511.19(A)(1)(a).  This section of the statute does not require a threshold blood alcohol concentration level to convict.  It only requires that the person operated a vehicle under the influence of alcohol or drugs.  Therefore, a conviction for operating a vehicle while under the influence can be based solely on the credible testimony of the arresting officer concerning his observations of the defendant, and the prosecution need not present scientific evidence of intoxication to sustain such a conviction.  *State v. Odorizzi*, No. 00 BA 21, 2001 WL 1647181, at *3 (Ohio App. 7th Dist. Dec. 19, 2001) ( "R.C. 4511.19(A)(1) does not require a breathalyzer to find a defendant guilty of driving under the influence.").

**B.  Issues Raised in Traverse**

Petitioner next objects to the Magistrate Judge's recommendation that the Court reject any attempt by Petitioner to raise issues in his nineteen-page Traverse (ECF No. 8) as additional grounds for relief.  ECF No. 12 at PageID #: 1004.  The Court overrules the objection and adopts the recommendation of the Magistrate Judge.  *See Murphy v. Ohio*, 551 F.3d 485, 505 n. 4 (6th Cir. 2009) (stating that "a district court may decline to review a claim that a party raises for the

(3:11CV2210)

first time in his traverse") (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)).

Accordingly, the undersigned declines to address the new grounds for relief raised for the first time by Petitioner in his Traverse (ECF No. 8).

**C. State Court Records Provided by Respondent**

For the reasons set forth by the Magistrate Judge at PageID #: 988-98 of his Report and Recommendation (ECF No. 11), the undersigned finds no merit to Petitioner's objections to the state court records provided by Respondent as exhibits to the Return of Writ (ECF No. 7). Petitioner cannot use them in his direct appeal and then object to the very same exhibits in this federal habeas case.

**D. First Ground for Relief**

Turning to Petitioner's objections regarding the first ground for relief in the Petition,[2] the undersigned agrees with the recommendation of the Magistrate Judge, *see* ECF No. 11 at PageID #: 990, and, therefore, finds this Ground for Relief is not cognizable in this federal habeas corpus proceeding.  A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a

---

[2] Ground One states:
The Trial Court erred when it imposed the same term of imprisonment that it had imposed on Petitioner's brother Wayne Allsup, due [to] the lengthy criminal record of the Petitioner's brother.  Further, that despite differing complicity within the offense, as charged, the standard and allocation of the court did not meet the standing requirements of R.C. §§ 2929.11(A) [and] (B).
ECF No. 1 at PageID #: 2.

7

(3:11CV2210)

perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also* *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Moreover, because the state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See* *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). A federal court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008). Petitioner has not established that the trial court decision in sentencing him to the same sentence as his brother/co-defendant was contrary to, or involved an unreasonable application of, clearly established federal law.

Assuming *arguendo* that it is cognizable on federal habeas review, the undersigned agrees with the recommendation of the Magistrate Judge that Ground One for Relief is procedurally defaulted for Petitioner's failure to bring the claim in his appeal to the Supreme Court of Ohio. *See* ECF No. 11 at PageID #: 991. A habeas claim may be procedurally defaulted by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

The Magistrate Judge points out that Petitioner did raise this claim in his direct appeal,

8

(3:11CV2210)

but in his Supreme Court appeal he focused on alleged trial court error in imposing consecutive sentences. To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the claims of the petitioner. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

Petitioner failed to raise the issue of the trial court's decision to sentence him to the same term of imprisonment as his brother/co-defendant with the Ohio Supreme Court. Therefore, this claim was not exhausted. On September 30, 2011, the Ohio General Assembly enacted 2011 Am.Sub.H.B. 86, 2011 Ohio Laws File 29, thereby revising Ohio Rev. Code § 2929.14. In doing so, the General Assembly struck, and then reinserted, the language from § 2929.14 excised in *State v. Foster*, 109 Ohio St.3d 1 (2006). *State v. Just*, No. 12CA0002, 2012 WL 3893581, at *12 (Ohio App. 9th Dist. Sept. 10, 2012). Petitioner summarily argues that this shows cause and prejudice excusing his failure to present this claim earlier. ECF No. 12 at PageID #: 1005. The Court agrees with the Magistrate Judge's determination that Petitioner has failed to establish cause and prejudice to excuse the procedural default. *See* ECF No. 11 at PageID #: 992. Therefore, the Court finds that the first ground for relief in the Petition is denied as procedurally defaulted.

(3:11CV2210)

**E. Second Ground for Relief**

The Magistrate Judge recommends that the Court reject Petitioner's assertion of federal constitutional error because he was forced to use a peremptory challenge to remove Mr. Grappy from the jury pool. ECF No. 11 at PageID #: 993. Moreover, based upon the Ohio Third District Court of Appeals' decision and the record before it, the Magistrate Judge recommends that the Court find that the appellate court opinion did not contradict or contravene 28 U.S.C. § 2254(d)(1) or (2). ECF No. 11 at PageID #: 995. The Court agrees and overrules the objection as lacking in merit because Petitioner has not identified any juror who was not impartial. *See Rockette v. Reid*, 273 Fed.Appx. 720, 722-23 (10th Cir. 2008) (finding denial of challenge for cause which leads to defendant's use of a peremptory challenge does not create a constitutional violation) (citing *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988)).

**E. Third Ground for Relief**

Finally, Petitioner objects to the recommendation of the Magistrate Judge that the Court find that (1) sufficient evidence existed to find Petitioner guilty beyond a reasonable doubt of felonious assault on a peace officer in violation of Ohio Revised Code § 2903.11(A)(2), (D)(1) and (2) the Ohio appellate court's holding on the sufficiency issues was not contrary to or an unreasonable application of federal law. ECF No. 11 at PageID #: 1001. He argues that he did not use his motor vehicle as a deadly weapon and cites to the following proffered trial testimony of his that he did not recall the night in question due to a previous head injury:

> [DEFENSE COUNSEL]: . . . Mr. Allsup you said you had a, you suffered a head injury. State again what occurred.
>
> DEFENDANT: I had a limb fall out of a tree, I was cuttin' a tree.

10

(3:11CV2210)

            \*   \*   \*

| | |
|---|---|
| [DEFENSE COUNSEL]: | So it was last year in the winter time? |
| DEFENDANT: | Yes. |

            \*   \*   \*

| | |
|---|---|
| [DEFENSE COUNSEL]: | And between the time that you went to Lima Memorial [Hospital] and the time of the incident of April the 3rd that we're here about, had you had other black-out type episodes? |
| DEFENDANT: | Yes I have, and I still have them today. |
| [DEFENSE COUNSEL]: | And you believe that you were experiencing a black-out on the 3rd of April, based on your other experiences? |
| DEFENDANT: | Yes, I really do. I believe that at this moment, I was either in a black-out or in shock. . . . |

            \*   \*   \*

| | |
|---|---|
| DEFENDANT: | . . . Now I don't know if I was in shock when this occurred, because I don't remember any of it. The only thing I can remember is I went to see a friend of mine . . . that day. After that, I don't recall the rest of the day, the evening. When I recollect again is the following day in jail. |

ECF No. 7-8 at PageID #: 801-806. The trial court subsequently ruled that this proffered testimony would not be repeated to the jury. ECF No. 7-8 at PageID #: 807.

Petitioner attempted to go forward with the defense that he was suffering from a blackout on April 3, 2009. The trial court permitted Petitioner to testify that he had previously suffered a head injury while he was cutting timber and that the injury caused him to suffer from blackouts. ECF No. 7-8 at PageID #: 795. The trial court also permitted Petitioner to briefly state that he

11

(3:11CV2210)

could not remember the events that led to the charges against him in this case. ECF No. 7-8 at PageID #: 796-98. The Court finds it was neither contrary to nor an unreasonable application of clearly established federal law for the Ohio state courts to conclude that Petitioner's proffered testimony should be excluded.

The Court adopts the recommendation of the Magistrate Judge that there was sufficient evidence to establish the commission of felonious assault with a deadly weapon under Ohio Revised Code § 2903.11(A)(2), (D)(1) when Petitioner put his pickup truck in reverse and used it to ram Officer Deckling's police cruiser while the peace officer was positioned inside. *See State v. Gibson*, No. 23881, 2008 WL 315591, at *5 (Ohio App. 9th Dist. Feb. 6, 2008); *State v. Tortarella*, No. 2002-L-147, 2004 WL 473382, at *16 (Ohio App. 11th Dist. March 12, 2004); *In re B.B.*, No. 81948, 2003 WL 22510518, at *4 (Ohio App. 8th Dist. Nov. 6, 2003). Moreover, Officer Deckling testified at trial that he suffered an injury to his right shin as a result of the impact from Petitioner's truck hitting his cruiser and the dashboard smashing into his shin. ECF No. 7-7 at PageID #: 611-12. Any injury, regardless of its gravity or duration, constitutes physical harm for purposes of felonious assault with a deadly weapon under § 2903.11(A)(2). *State v. Goble*, 5 Ohio App.3d 197, 199 (1982).

### IV. Conclusion

Accordingly, the Report and Recommendation (ECF No.11) of the Magistrate Judge is hereby adopted in its entirety and the Petitioner's Objections (ECF No. 12) are overruled.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of

(3:11CV2210)

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

|  June 24, 2013 |   */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |